**E-filed 3/27/06**

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| Michael Angelo MORALES,<br><br>Plaintiff,<br><br>v.<br><br>Jeanne S. WOODFORD, Acting Secretary of the California Department of Corrections and Rehabilitation; Steven W. Ornoski, Acting Warden of San Quentin State Prison; and Does 1-50,<br><br>Defendants. | Case Number C 06 219 JF RS<br>Case Number C 06 926 JF RS<br><br>DEATH-PENALTY CASE<br><br>ORDER DENYING MOTION TO CONSOLIDATE WITHOUT PREJUDICE |
| PACIFIC NEWS SERVICE,<br><br>Plaintiff,<br><br>v.<br><br>Jeanne S. WOODFORD, Acting Secretary of the California Department of Corrections and Rehabilitation; Steven W. Ornoski, Acting Warden of San Quentin State Prison; and Does 1-50,<br><br>Defendants. | Case Number C 06 1793 JF RS<br><br>DEATH-PENALTY CASE<br><br>ORDER DENYING MOTION TO CONSOLIDATE WITHOUT PREJUDICE<br><br>[Docket No. 4] |

On January 13, 2006, Plaintiff Michael Angelo Morales filed an action, *Morales v. Woodford*, No. C 06 219 JF RS, challenging California's lethal-injection protocol as violating the Eighth Amendment; on February 10, 2006, he filed a second action, *Morales v. Woodford*, No. C

Case Nos. C 06 219 JF RS, C 06 926 JF RS & C 06 1793 JF RS
ORDER DENYING WITHOUT PREJUDICE MOTION TO CONSOLIDATE
(DPSAGOK)

1  06 926 JF RS, which was substantially identical to the first action, for exhaustion purposes; the
2  Court consolidated the two cases on February 13, 2006.
3       Subsequently, on March 8, 2006, Plaintiff Pacific News Service ("PNS") filed a First
4  Amendment challenge to Defendants' use of pancuronium bromide as part of the lethal-injection
5  protocol, *Pacific News Service v. Woodford*, No. C 06 1793 JF RS; PNS alleges that
6  pancuronium bromide acts as a "chemical curtain" over the lethal-injection process, thus denying
7  the public its right to know what actually occurs during an execution. PNS moved to relate and
8  consolidate its action with those filed by Morales. All parties—that is, both Plaintiffs as well as
9  Defendants—agreed that the actions are related; accordingly, on March 9, 2006, the Court
10 granted PNS's motion insofar as it sought to relate the actions. However, in order to address
11 substantial case-management raised by Defendants, the Court deferred ruling on consolidation
12 and scheduled a hearing for March 21, 2006; at the hearing, the Court requested supplemental
13 briefing. Having reviewed the papers filed by all parties and having considered the oral
14 arguments of counsel presented at the hearing, the Court will deny the motion to consolidate
15 without prejudice.
16      The parties agree that the determination of whether these actions should be consolidated
17 rests solely on practical considerations. Defendants contend that, in light of the expedited
18 schedule that the Court has adopted to resolve *Morales*, consolidation will complicate discovery
19 and other procedural matters, thereby making management of the present litigation unduly
20 difficult. Thus, despite the fact that not consolidating the actions may leave an unresolved First
21 Amendment challenge to California's lethal-injection protocol pending even after the conclusion
22 of the proceedings in *Morales*, Defendants urge the Court to take a deliberate approach to
23 managing these cases, with *PNS* being addressed after *Morales*.
24      While the Court is committed to resolving all aspects of the present litigation
25 expeditiously, it will defer to the State's expressed concerns. Even absent formal consolidation,
26 the Court has considerable discretion in the management of these cases and may coordinate

2

1  various aspects of the cases if and when such coordination is appropriate.[1]  Accordingly, and
2  good cause therefor appearing, PNS's motion to consolidate its action with Morales's actions is
3  denied without prejudice.  Any party may bring a renewed motion to consolidate the actions if
4  future developments warrant reconsideration of the appropriateness of consolidation.

5      IT IS SO ORDERED.

7  DATED: March 27, 2006

                                      _____
8                                        JEREMY FOGEL
                                      United States District Judge

---

[1] At the hearing, counsel for Morales expressed the concern that an appeal of the Court's judgment in *Morales* might be pending while the *PNS* action was still unresolved. Because of the closely related nature of these actions, as well as the Court's inherent authority to determine the timing of its decisions, the Court considers this scenario unlikely.

3