1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

12

Michael Angelo MORALES et al.,                    Case Number 5-6-cv-219-RS-HRL
13                                                  Case Number 5-6-cv-926-RS-HRL
                        Plaintiffs,
14                                                  DEATH-PENALTY CASE
                 v.
15                                                  ORDER GRANTING SCOTT
Jeffrey A. BEARD, Secretary of the California       PINHOLSTER AND WILLIAM
16   Department of Corrections and Rehabilitation,  PAYTON'S MOTION TO
     et al.,                                        INTERVENE AND TO STAY
17                                                  EXECUTION
                        Defendants.
18

19

20          Scott Pinholster and William Payton are condemned inmates at San Quentin State Prison

21   whose direct and collateral attacks on their respective convictions and sentences have concluded.

22   They move to intervene in the instant actions, which involve challenges to the constitutionality of

23   California's protocol for executions by lethal injection, and to have their executions stayed

24   pending the conclusion of this litigation.  The Court discussed the relevant issues in detail in its

25   Order of November 21, 2012, in which it permitted intervention by and granted stays of

26   execution to three other prisoners who are, for relevant purposes, identically situated to

27   Pinholster and Payton.  (Doc. No. 563.)  The present order therefore contains only a limited

28   discussion of the issues to the extent necessary to resolve Pinholster and Payton's motion.

1    When condemned prisoner Michael Angelo Morales initiated this litigation, the Court

2    conditionally denied his request to stay his execution. *Morales v. Hickman*, 415 F. Supp. 2d

3    1037 (N.D. Cal. 2006). Defendants did not execute Morales as scheduled, and a stay of

4    execution issued pursuant to the Court's conditional order. Discovery and an evidentiary hearing

5    followed, after which the Court concluded that the lethal-injection protocol, as implemented,

6    violated the Eighth Amendment. *Morales v. Tilton*, 465 F. Supp. 2d 972 (N.D. Cal. 2006). The

7    Court then acceded to a joint request by Morales and Defendants to refrain from proceeding

8    further with the present litigation until related state-court and administrative processes were

9    completed.

10   Following certain state proceedings, Defendants scheduled Albert Greenwood Brown's

11   execution. Brown moved to intervene and for a stay of execution. Recognizing that "Brown's

12   federal claims are virtually identical to those asserted by . . . Morales," (Doc. No. 401 at 1), the

13   Court permitted Brown to intervene, but conditionally denied the stay application. Brown

14   appealed to the Court of Appeals for the Ninth Circuit. *Morales v. Cate*, 623 F.3d 828, 829 (9th

15   Cir. 2010). On remand, pursuant to guidance from the Ninth Circuit, this Court stayed Brown's

16   execution.

17   Condemned prisoners Mitchell Carlton Sims and Stevie Lamar Fields subsequently

18   moved to intervene as Plaintiffs in these actions, and requested that their executions be stayed.

19   Significantly, "Defendants acknowledge[d] that the intervenors have a 'claim or defense that

20   shares with the main action a common question of law or fact,'" (Doc. No. 472 at 2 (quoting Fed.

21   R. Civ. P. 24(b)(1)(B))), and they did not oppose permitting intervention and staying Sims's and

22   Fields's executions. The Court found that "Sims and Fields are similarly situated to Morales and

23   Brown in that they are condemned prisoners whose executions are not otherwise stayed and

24   whose claims in their complaint in intervention are virtually identical to those asserted by

25   Morales and Brown." (Doc. No. 473 at 1–2.) Accordingly, the Court concluded that "Sims and

26   Fields are entitled to intervene and, like Morales and Brown, to have their executions stayed until

27   the present litigation is concluded." (*Id.* at 2.)

28   In regards to the next prisoner whose execution was to be scheduled, David A. Raley, the

2

parties jointly stated that,

> Raley is similarly situated to Fields, Sims, Morales, and Brown in that he is a condemned prisoner whose execution is not otherwise stayed. He will join in the Fourth Amended Complaint, thereby presenting identical claims to those asserted by Morales and Brown. Accordingly, Raley is entitled to intervene and, like Morales, Brown, Fields, and Sims, to have his execution stayed until the present litigation is concluded.

(Doc. No. 511 at 2.)  The parties therefore stipulated and asked the Court to order that,

> Raley may intervene as a Plaintiff in this litigation as to the Fourth Amended Complaint, and that all proceedings related to the execution of his sentence of death, including but not limited to preparations for an execution and the setting of an execution date for Mr. Raley, are hereby stayed on the same basis and to the same extent as in the case of Plaintiffs Morales, Brown, Fields, and Sims.

(*Id.* at 2–3.)

The Court initially did not act on the stipulation, as it appeared unnecessary to do so. However, when there was no longer a sufficient basis for the Court to continue to defer action, the Court granted the parties' joint request, noting that "the parties are correct that Raley is similarly situated to the present Plaintiffs and therefore entitled to intervene and to have his execution stayed." (Doc. No. 563 at 4.)

Tiequon A. Cox and Robert Green Fairbank Jr. were the next prisoners to move to intervene in the instant actions and to request stays of execution.  Even though Defendants did not oppose intervention by and stays of execution for Sims and Fields, and they stipulated to intervention by and a stay of execution for Raley, Defendants opposed Cox's and Fairbank's motions.  However, as the Court recognized, Cox and Fairbank were, "for purposes of the present litigation, identically situated to Morales, Brown, Sims, and Fields, as well as Raley."  Accordingly, the Court held that Cox and Fairbank were "entitled . . . to intervene and to have their executions stayed until this litigation is concluded." (*Id.*)

The next prisoner to move to intervene was Kevin Cooper.  (Doc. No. 564.)  The Court found Cooper to be identically situated to Morales, Brown, Sims, Fields, Raley, Cox, and Fairbank.  (Doc. 581 at 4.)  Because identically situated persons must be treated the same way, the Court permitted Cooper to intervene and stayed his execution until the present litigation is

3

1   concluded. (*Id.*)

2       Pinholster and Payton are the most recent prisoners to move to intervene. Defendants

3   oppose their motion, arguing that recent developments – namely the state's announcement that it

4   is developing a single-drug regulation and is abandoning the three-drug protocol – have rendered

5   the constitutional claims in this case moot and have eliminated any basis for intervention. (Doc.

6   584 at 1.) They argue that Pinholster and Payton do not have a claim or defense that shares with

7   the main action a common question of law or fact. (*Id.*)

8       The proposed development of a single-drug regulation does not defeat Pinholster and

9   Payton's ability to intervene in this case, nor has it rendered the constitutional claims in this case

10  moot. Pinholster and Payton share a host of common questions of law and fact with Morales,

11  Brown, *et al.*, as outlined in their Motion. (Doc. 583 at 15-16) (e.g. questions pertaining to the

12  remote administration of chemicals, the training of the execution team, etc.) Defendants do not

13  explain how a single-drug protocol would resolve these issues. The proposed development of a

14  single-drug protocol does not significantly distinguish Pinholster and Payton from prior

15  intervenors.

16      For purposes of the present litigation, Pinholster and Payton are identically situated to

17  Morales, Brown, Sims, Fields, Raley, Cox, Fairbank and Cooper. The Court must treat

18  identically situated persons the same. Accordingly, the Court must permit Pinholster and Payton

19  to intervene and must stay their execution until the present litigation is concluded.

20                          *       *       *

21      Good cause appearing therefor, the Court grants Pinholster and Payton's request to

22  intervene and to have their executions stayed, (Doc. No. 583). As is the case for Plaintiffs

23  Michael Angelo Morales, Albert Greenwood Brown, Mitchell Carlton Sims, Stevie Lamar

24  Fields, David A. Raley, Tiequon A. Cox, Robert Green Fairbank Jr. and Kevin Cooper, all

25  proceedings related to the execution of Pinholster and Payton's sentences of death, including but

26

27

28

Case Nos. 5-6-cv-219-RS-HRL & 5-6-cv-926-RS-HRL
ORDER GRANTING MOTION TO INTERVENE AND TO STAY EXECUTION

1  not limited to preparations for executions and the setting of execution dates, are hereby stayed

2  until the conclusion of this litigation.

3      IT IS SO ORDERED.

4

5  DATED: _9/17/13_

6                                 RICHARD SEEBORG
                                   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5